WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order by which the judge of compensation claims (JCC) denied the claim for a May 1988 hospitalization and subsequent disability benefits on the basis that they were not necessitated by a compensa-ble injury. We reverse, finding sufficient evidence that the hospitalization occasioned by claimant’s state of depression in May 1988 was in material part the result of a *402 prior compensable injury sustained by claimant approximately one year earlier.
The first of the two compensable injuries occurred when a 300 pound metal drum fell on top of claimant’s chest and left arm as he was helping to lift the drum into the back of a truck in March 1987. After being hospitalized several days for this injury and spending some weeks recuperating at home, claimant’s physician released him to unrestricted employment in early May 1987, and claimant did not receive treatment for this injury after that point. Although he returned to work at that time, claimant continued to suffer from pain. He was not awarded workers’ compensation benefits for this injury until the current proceeding in April 1989.
After his 1987 injury, claimant’s work assignment was changed from maintenance supervisor to groundskeeper, and he was changed from salary to hourly compensation. In May 1988 as he was mowing the school lawn, he ran over an aluminum spike lying in tall grass. The spike was thrown from beneath the lawn mower and pierced claimant’s right leg. He did not seek immediate treatment, but when the wound became infected after several days he returned to the hospital where he had been treated for his 1987 injury. He was denied treatment, however, because of an outstanding bill related to that earlier hospitalization. Claimant proceeded to a second hospital, where he was admitted for treatment. Claimant testified that by this time he was in a “very deep depression” which was causing him severe pain.
The psychiatrist who admitted claimant to the second hospital testified that the focus of claimant’s need for treatment in May 1988 was not the leg wound, but related to a major depressive disorder accompanied by job-related anxiety. According to this witness, claimant’s depression was attributable in part to anxiety over job performance and disputes with his supervisors, and in part to the injury he had sustained in 1987. The physician testified that the 1987 accident contributed to claimant’s depression, and noted in particular that the “problems with the drum initiated many of [claimant’s] other problems.”
This unrebutted testimony adequately establishes that claimant’s 1988 hospitalization was causally related to his compen-sable 1987 injury. Claimant attested to the fact that the injury he sustained in that 1987 accident caused him pain which did not subside, and the record supports significant employment impact therefrom. In addition, it is evident that claimant’s 1988 hospitalization for depression followed immediately his rejection for treatment by the hospital where he had been treated for his 1987 injury, because of an unpaid bill for that previous compensable hospitalization. Claimant’s psychiatric disability may have been attributable in part to other causes, but we find no basis in the record for the conclusion below that claimant’s 1987 injury was not a material element in the causal chain resulting in his 1988 hospitalization and subsequent psychiatric disability.
Reversed and remanded for further proceedings consistent herewith.
ERVIN and WIGGINTON, JJ., qoncur.